UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., <br>     Plaintiff/Counterclaim-Defendant, <br><br> vs. <br><br> MEAD JOHNSON & COMPANY and MEAD JOHNSON NUTRITION COMPANY, <br>     Defendants/Counterclaim-Plaintiffs. | ) ) ) ) ) ) ) ) ) ) ) ) | 3:11-cv-161-RLY-WGH |

### ENTRY ON NATIONAL UNION'S RENEWED RULE 72(a) OBJECTION TO MAGISTRATE JUDGE HUSSMANN'S PRIOR DISCOVERY ORDER IN CASE NO. 3:11-cv-15

Plaintiff, National Union Fire Insurance Company of Pittsburgh, PA ("National Union"), renews its Rule 72(a) objection to Magistrate Judge Hussmann's ("Magistrate Judge") prior discovery order granting Mead Johnson's motion to compel issued in a related case, *National Union v. Mead Johnson, et al.*, Cause No. 3:11-cv-15-RLY-WGH. For the reasons set forth below, the objection is **SUSTAINED**.

By way of background, during the period when the National Union Commercial General Liability Policy was in effect providing Mead Johnson & Company and Mead Johnson Nutrition Company (collectively "Mead Johnson") with advertising liability coverage, ten consumer class action lawsuits ("Consumer Lawsuits") were filed against Mead Johnson for false advertising related to Mead Johnson's commercially successful

1

infant formula known as Enfamil LIPIL®. After Mead Johnson sought coverage under the Policy, National Union filed the present declaratory judgment action, asking the court to declare and determine that it had no duty to defend or indemnify Mead Johnson, because the claims asserted in the Consumer Lawsuits do not fall within the Policy's definition of "advertising injury."

National Union filed a motion for summary judgment on March 12, 2012, asserting that it had no duty to defend or indemnify its insured, Mead Johnson. As part of its Response, Mead Johnson argued that National Union refused to provide discovery into such materials as National Union's underwriting files, marketing materials, and communications with reinsurers, as ordered by the Magistrate Judge in its ruling granting Mead Johnson's motion to compel in Cause No. 3:11-cv-15-RLY-WGH. *See National Union v. Mead Johnson, et al.*, 3:11-cv-15-RLY-WGH, Docket # 131.

After National Union's motion for summary judgment was fully briefed, the parties held a conference with the Magistrate Judge, which resulted in the following Order:

> To the extent that the parties in this case have served interrogatories or requests for production of documents that are identical to those previously served under Cause No. 3:11-cv-15-RLY-WGH, the Magistrate Judge's orders found at Docket Nos. 131, 167, and 190 in Cause No. 3:11-cv-15-RLY-WGH apply equally to this case. Any motions for review of the Magistrate Judge's orders on non-dispositive matters pursuant to Rule 72 shall be filed not later than twenty-one (21) days after the date of this Order.

(Docket # 85). At issue is whether the Magistrate Judge's Order granting Mead Johnson's motion to compel National Union to produce the underwriting files, marketing

2

materials, claims manuals, and reinsurance communications, was contrary to law. (*See* 3:11-cv-15-RLY-WGH, Docket # 131). An order is contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Heartland Recreational Vehicles, LLC v. Forest River, Inc.*, 2010 WL 3119487, at *2 (N.D. Ind., Aug. 5, 2010).

This coverage dispute requires the court to determine whether the claims asserted in the Consumer Lawsuits fall within the definition of "personal or advertising injury" under the Policy. The Policy defines "personal or advertising injury" as "injury . . . arising out of one or more offenses," including an "[o]ral or written publication . . . that . . . disparages a person's or organization's goods, products, or services." This language setting forth coverage for advertising injury is unambiguous; neither party contends otherwise. *Acme United Corp. v. St. Paul Fire & Marine Ins. Co.*, 214 Fed.Appx. 596, 599 (7th Cir. 2007) (finding the "advertising injury offense" of disparagement to be unambiguous); *Novell, Inc. v. Federal Ins. Co.*, 141 F.3d 983, 986 (10th Cir. 1998) (finding identical policy language unambiguous) (citing *Erie Ins. Group v. Sear Corp.*, 102 F.3d 889, 894 (7th Cir. 1996)); *Westfield Ins. Co. v. Argonics, Inc.*, 1999 WL 35114252, at *2-3 (W.D. Mich. Dec. 13, 1999) (same). The court construes unambiguous Policy language in accordance with its plain and ordinary meaning. *Liberty Mut. Ins. Co. v. Michigan Mut. Ins. Co.*, 891 N.E.2d 99, 101 (Ind. Ct. App. 2008). Thus, the extrinsic evidence sought by Mead Johnson in its motion to compel is irrelevant to this coverage dispute and, as National Union correctly contends, would not lead to the discovery of

admissible evidence.  The court therefore finds that the Magistrate Judge's discovery order compelling National Union to provide evidence relating to its underwriting files, marketing materials, claims manuals, and reinsurance communications was contrary to law.  National Union's Rule 72(a) Objection (Docket # 90) is therefore **SUSTAINED**.

**SO ORDERED** this  11th  day of December 2012.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.